IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIEVES LOPEZ, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | _____ |
| ) | |
| MAPLEBEAR, INC. ) | CLASS ACTION |
| d/b/a INSTACART, ) | JURY DEMAND |
| ) | |
| *Defendant*. ) | |
| ) | |

## COMPLAINT

**NOW COMES** Plaintiff Nieves Lopez (hereinafter "Plaintiff"), individually and for the class herein defined, and files this Complaint against Defendant Maplebear, Inc. d/b/a Instacart (hereinafter "Defendant") for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et. seq*. (hereinafter "FMLA"). The Plaintiff states more fully as follows:

### Introduction

1.

Plaintiff worked for Defendant, an employer subject to the Family & Medical Leave Act, within two (2) years preceding the filing of this Complaint. Plaintiff's employment was terminated after she requested medical leave, in violation of the FMLA's prohibition on retaliatory discharge. Additionally, Defendant improperly refused to allow Plaintiff to use her Paid Time Off benefits (hereinafter "PTO"). Under U.S. Department of Labor regulations, employees otherwise entitled to FMLA leave

00365813

may elect to use accrued paid leave. 29 C.F.R. §825.207. Plaintiff seeks: (1) back wages from the date of her termination to date of judgment; (2) an equal amount in liquidated damages; (3) reinstatement to her former position (including equal salary and benefits); and (4) her attorneys' fees and costs of litigation.

Plaintiff files this action individually and on behalf of all other similarly situated current and former employees of Defendant who were (1) denied use of their accrued paid leave under the FMLA, and (2) terminated in retaliation for exercising their rights under the FMLA.

## Jurisdiction

2.

Plaintiff brings this action under the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq*. This Court has original jurisdiction pursuant to 29 U.S.C. §2617(a)(2), and 28 U.S.C. §1331 and §1337.

## Venue

3.

Defendant Maplebear, Inc., more popularly known as Instacart, is a nationwide grocery delivery service based in San Francisco, California. Plaintiff worked in Defendant's Atlanta office, located at Ponce City Market, 675 Ponce de Leon Avenue, N.E., Atlanta, Georgia, 30308. Venue for this action properly lies in the Northern District of Georgia, Atlanta Division, pursuant to 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, N.D. Ga.

## Facts

4.

Plaintiff was hired by Defendant on February 19, 2019, as a Customer Care Manager and was terminated effective July 10, 2020, (hereinafter this period will be referred to as "the relevant period"). Plaintiff was paid on a salaried basis, and she was considered an exempt employee under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

5.

Plaintiff worked at Defendant's Atlanta offices located at Ponce City Market.

6.

Defendant employed fifty (50) or more people at its Atlanta office.

7.

Plaintiff worked forty (40) hours or more per week during her employment with Defendant.

8.

Plaintiff was diagnosed with Post-Traumatic Stress Disorder, adjustment disorder, anxiety and depression in April 2020.

9.

Plaintiff requested, and was granted, intermittent FMLA leave.

10.

Plaintiff's medical condition continued to worsen, and she requested extended FMLA leave on May 26, 2020.

11.

Based upon Defendant's representations, Plaintiff understood that she would be allowed to use her PTO in connection with her extended FMLA leave.

12.

Plaintiff's extended FMLA leave request was granted as of June 1, 2020.

13.

On Plaintiff's next scheduled pay date after June 1, 2020, she did not receive any salary payment.

14.

When Plaintiff inquired about her lack of compensation, she was told by Defendant's third-party administrator that "you cannot utilize PTO while you are on a medical leave of absence." See Exhibit 1, attached hereto.

15.

Being unable to financially survive on no income, Plaintiff had no choice but to cancel her FMLA leave and return to work full-time regardless of her worsening medical condition.

16.

Plaintiff returned to work on June 20, 2020, and was effectively demoted by having her subordinates assigned to another manager and was sent to a class for new team managers.

17.

On July 1, 2020, Plaintiff was asked to attend a meeting with her supervisor, Wendy Bruno, and a Human Resources representative, Kiha Jones, and fired. The reason given was that the Plaintiff had not completed the class for new team managers. This was a pretextual reason; the real reason Plaintiff's employment was terminated was in retaliation for asserting her rights under the FMLA and requesting to use her PTO benefits during her medical leave.

## Class Allegations under FRCP 23

18.

Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees of Defendant (hereinafter "the Class").

19.

The Class is defined as follows:

All current and former employees of Defendant Maplebear, Inc., d/b/a Instacart who, in the three (3) years preceding the filing of this lawsuit: (1) were not allowed to use their PTO benefits in connection with their request for FMLA leave; and/or (2) were terminated after requesting the use of their PTO benefits in connection with FMLA leave.

20.

Plaintiff seeks to have the Class certified under FRCP 23(b)(2) and/or (b)(3).

21.

The members of the proposed nationwide Class are so numerous that joinder of all members is impractical. During the relevant time period, Defendant has employed thousands of individuals across the United States. Defendant's policy of

denying the use of PTO with FMLA leave applies nationwide and affects its entire workforce.

22.

Plaintiff will fairly and adequately represent and protect the interests of the Class. There are no conflicts between Plaintiff's claims and those of the Class, and Plaintiff's claims are typical of the claims of the Class members.

23.

Plaintiff's counsel has extensive experience litigating both claims under the FMLA, and in class action litigation under FRCP 23.

24.

There are common questions of law and fact applicable to all members of the Class which predominate over any individualized issues. Additionally, Defendant's policy of forbidding the use of accrued PTO in connection with FMLA leave is, by its very nature, a systemic, policy-based violation of the FMLA, and implementing USDOL regulations, warranting uniform injunctive and declaratory relief.

25.

A class action under FRCP 23 is superior to all other available methods of adjudication.

## COUNT I

### Interference with Plaintiff's Rights under the
### FMLA – Refusal to Allow Plaintiff to use Paid Time Off

26.

Plaintiff restates and realleges paragraphs four (4) through seventeen (17).

27.

During the relevant time period, the Defendant was an "employer" as defined in 29 U.S.C. §2611(4).

28.

Plaintiff was an "eligible employee," as defined in 29 U.S.C. §2611(2), because she had worked in excess of 1,250 hours during the twelve-month period preceding her June 2020 leave request.

29.

Plaintiff's medical condition and continuing treatment from early Spring 2020 through June 2020 constituted a "serious health condition" as defined in 29 U.S.C. §2611(11).

30.

Immediately preceding her June 2020 leave, the Plaintiff was entitled to at least four (4) weeks of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

31.

The U.S. Department of Labor has issued regulations implementing and governing the statutory provisions of the FMLA. See 29 C.F.R. §825 *et seq*. Section 825.207(a) states:

> (a) Generally, FMLA leave is unpaid leave. However, under the circumstances described in this section, ==FMLA permits an eligible employee to choose to substitute accrued paid leave for FMLA leave.== If an employee does not choose to substitute accrued paid leave, the employer may require the employee to substitute accrued paid leave for unpaid FMLA leave. The term substitute means that the paid leave provided by the employer, and accrued pursuant to established policies of the employer, will run concurrently with the unpaid FMLA leave.

==Accordingly, the employee receives pay pursuant to the employer's applicable paid leave policy during the period of otherwise unpaid FMLA leave. An employee's ability to substitute accrued paid leave is determined by the terms and conditions of the employer's normal leave policy.== When an employee chooses, or an employer requires, substitution of accrued paid leave, the employer must inform the employee that the employee must satisfy any procedural requirements of the paid leave policy only in connection with the receipt of such payment. *See* §825.300(c). If an employee does not comply with the additional requirements in an employer's paid leave policy, the employee is not entitled to substitute accrued paid leave, but the employee remains entitled to take unpaid FMLA leave. ==Employers may not discriminate against employees on FMLA leave in the administration of their paid leave policies.== [Emphasis added.]

32.

Plaintiff clearly expressed her desire to use her PTO benefits concurrently with her extended FMLA leave.

33.

Both Defendant's policy of not allowing PTO to be used in conjunction with medical leave, and Defendant's specific denial of Plaintiff's request to use her PTO benefits in conjunction with her extended FMLA leave, are violations of the Family & Medical Leave Act.

34.

Defendant's denial of Plaintiff's request to use her PTO benefits in conjunction with her FMLA leave constitutes illegal interference with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §2615(a)(1). Plaintiff is entitled to recover her lost wages, liquidated damages in an equal amount, her reasonable attorneys' fees and costs, and to be reinstated to the same or equivalent position. 29 U.S.C. §2617(a)(1)(A), 29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## COUNT II

## Retaliation Claim under the FMLA – Defendant's Termination of Plaintiff Constitutes Unlawful Retaliation

35.

Plaintiff restates and realleges paragraphs four (4) through seventeen (17).

36.

Defendant's termination of Plaintiff's employment immediately following her request for FMLA leave constitutes a violation of 29 U.S.C. §2614(a)(1) (job restoration rights), and impermissible retaliation in violation of 29 U.S.C. §2615(a)(2). Plaintiff is entitled to recover her lost wages, liquidated damages in an equal amount, her reasonable attorneys' fees and costs, and to be reinstated to the same or equivalent position. 29 U.S.C. §2617(a)(1)(A), 29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## Prayer for Relief

37.

Based upon the forgoing paragraphs, Plaintiff respectfully asks this Court to find and order the following:

A. That the Court grant Plaintiff a trial by jury as to all triable issues of fact;

B. That the Court certify this lawsuit as a Class Action under FRCP 23(b)(2) and/or FRCP 23(b)(3), and authorize the issuance of notice to all potential class members;

C. That the Court declare that, pursuant to 29 U.S.C. §2617(a)(1), Defendant violated the Family and Medical Leave Act by (1) refusing to allow Plaintiff or any other similarly situated class member to use their PTO benefits concurrently with their FMLA leave, and (2) by terminating Plaintiff or any other similarly situated class member in retaliation for exercising their rights under the FMLA;

D. That, pursuant to 29 U.S.C. §2617(a)(1)(A)(i), Defendant be ordered to pay Plaintiff and any other similarly situated class member back wages and lost benefits from the date they would have returned from FMLA leave to date of judgment;

E. That, pursuant to 29 U.S.C. §2617(a)(1)(A)(ii), Defendant be ordered to pay Plaintiff and any other similarly situated class member interest on the value of their back wages and lost benefits from the date they would have returned from FMLA leave to date of judgment;

F. That, pursuant to 29 U.S.C. §2617(a)(1)(A)(iii), Defendant be ordered to pay Plaintiff and any other similarly situated class member liquidated damages in an amount equal to their back wages, lost benefits and interest thereon;

G. That, pursuant to 29 U.S.C. §2617(a)(1)(B), Defendants be ordered to reinstate Plaintiff and any other similarly situated class member to their last-held position (or equivalent) with the same salary and benefits;

H.  That, pursuant to 29 U.S.C. §2617(a)(3), Defendant be ordered to pay Plaintiff's reasonable attorneys' fees and costs of this action; and,

I.  For such other and further relief as the Court finds just and appropriate.

Respectfully submitted this 1st day of October 2020.

/s/ J. Larry Stine
J. Larry Stine, Esq.
Georgia Bar No. 682555
Elizabeth K. Dorminey, Esq.
Georgia Bar No. 225935

WIMBERLY, LAWSON, STECKEL,
 SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 365-0900
Fax: (404) 261-3707
Emails: jls@wimlaw.com
        ekd@wimlaw.com

/s/Hipolito M. Goico
Hipolito M. Goico, Esq.
Georgia Bar No. 299195
Albert J. Bolet, III
Georgia Bar No.: 065785

GOICO & BOLET, P.C.
2021 North Druid Hills Road, N.E.
Suite 200
Atlanta, Georgia 30329
Phone: (404) 320-3456
Fax: (404) 320-3026
Emails: hgoico@goicobolet.com
        abolet@goicobolet.com